# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | | |
|---|---|---|
| **United States,** | ) | |
| | ) | |
| **Plaintiff,** | ) | Civil No. |
| | ) | |
| v. | ) | |
| | ) | |
| **Jane L. Timm and Zone 5 Design, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## Complaint for Permanent Injunction

Plaintiff, the United States, brings this complaint against the above-named defendants seeking a permanent injunction requiring the defendants to comply with the employment tax laws by timely depositing employment taxes and timely filing income and employment tax returns with the IRS.

## Jurisdiction and Parties

1. Under 26 U.S.C. §§ 7401 and 7402, this action has been authorized by the Internal Revenue Service and is brought at the direction of the Attorney General of the United States.

2. The Court has jurisdiction over this case under 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402(a).

3. Venue is proper in the District of Iowa under 28 U.S.C. §§ 1391(b) and 1396.

4. Zone 5 Design LLC is an Iowa corporation that conducts business in West

Des Moines, Iowa.

5. Jane Timm is the sole corporate officer of Zone Five Design LLC.

6. Jane Timm resides in West Des Moines, Iowa, within this judicial district.

7. Jane Timm has not filed a federal income tax return since 2006 and owes federal income taxes in the approximate amount of $76,651.43 for the 1997, 1998, 2005, 2006, and 2007 tax years.

8. Zone Five Design LLC is engaged in the landscaping business.

9. As an employer, Zone Five Design LLC is required by law to withhold from its employees' wages federal income and Federal Insurance Contributions Act (FICA) taxes, and to pay over to the IRS those withholdings, along with the employer's own FICA and Federal Unemployment Tax Act (FUTA) taxes (collectively, "employment taxes").

10. Before conducting business through Zone Five Design LLC, Timm conducted her landscaping business through a sole proprietorship that repeatedly failed to pay over employment taxes to the United States.

11. A delegate of the Secretary of the Treasury timely made assessments against Timm's sole proprietorship for unpaid employment taxes and statutory additions to tax as follows:

| Tax | Period | Amount Due as of Sept. 20, 2010 |
|---|---|---|
| 941 | 06/30/2000 | $ 6,040.67 |
| 941 | 09/30/2000 | $21,530.82 |
| 941 | 12/31/2000 | $ 9,275.48 |
| 941 | 06/30/2001 | $11,275.33 |
| 941 | 09/30/2001 | $21,227.13 |
| 941 | 12/31/2001 | $14,553.13 |

**Total:  $ 83,902.56**

12. Since 2002, Zone Five Design LLC has pyramided its employment taxes by repeatedly failing to pay over employment taxes to the United States.

13. A delegate of the Secretary of the Treasury timely made assessments against Zone Five Design LLC for unpaid employment taxes and statutory additions to tax as follows:

| Tax | Period | Amount Due as of Sept. 20, 2010 |
|---|---|---|
| 941 | 06/30/2002 | $24,997.01 |
| 941 | 09/30/2002 | $27,336.71 |
| 941 | 12/31/2002 | $12,614.31 |
| 941 | 09/30/2003 | $12,567.60 |
| 941 | 06/30/2004 | $16,383.80 |
| 941 | 09/30/2004 | $24,807.45 |
| 941 | 12/31/2004 | $19,228.31 |
| 941 | 06/30/2005 | $20,496.86 |

| 941 | 09/30/2005 | $25,123.45 |
| --- | --- | --- |
| 941 | 12/31/2005 | $18,866.78 |
| 941 | 03/31/2006 | $11,551.80 |
| 941 | 06/30/2006 | $24,997.01 |
| 941 | 09/30/2006 | $25,131.65 |
| 941 | 12/31/2006 | $19,828.82 |
| 941 | 06/30/2007 | $20,123.05 |
| 941 | 09/30/2007 | $27,348.07 |
| 941 | 12/31/2007 | $21,987.00 |
| 941 | 03/31/2008 | $ 4,116.43 |
| 941 | 06/30/2008 | $20,559.64 |
| 941 | 09/30/2008 | $18,870.97 |
| 941 | 12/31/2008 | $19,527.35 |
| 941 | 03/31/2009 | $ 1,268.97 |
| 941 | 06/30/2009 | $13,328.63 |
| 941 | 09/30/2009 | $14,831.86 |
| 941 | 12/31/2009 | $ 8,174.37 |
| 941 | 06/30/2010 | $    12.66 |

**Total:    $454,080.56**

14. The IRS has attempted to collect the total unpaid balance using administrative collection actions, including filing notices of federal tax liens and issuing levies to all known sources, but has been unable to collect the amount owing.

15. The IRS is thus unable to bring Zone Five Design LLC into compliance

with its employment tax obligations by administrative collection actions.

16. The IRS has undertaken other efforts to ensure Zone Five Design LLC' compliance with its employment tax obligations, including sending Zone Five Design LLC numerous notices of its failure to comply with its employment tax obligations and requiring Zone Five Design LLC to deposit its employment taxes in a special bank account, which Zone Five Design LLC has not done.

17. Based on its past failure to pay employment tax when due and refusal to do so even when notified by the IRS of its employment tax obligations, Zone Five Design LLC' failure to timely pay employment taxes due is likely to recur.

## Count I: Injunction Under 26 U.S.C. § 7402(a)

18. The United States incorporates by reference the allegations in paragraphs 1 through 17.

19. I.R.C. § 7402(a) authorizes a court to issue injunctions as may be necessary or appropriate for the enforcement of the internal revenue laws, even if the United States has other remedies available.

20. Zone Five Design LLC and Jane Timm substantially interfere with the internal revenue laws by continually failing to pay Zone Five Design LLC' employment tax obligations required by 26 U.S.C. §§ 3102, 3111, 3301, and 3402.  An injunction is appropriate and necessary to prevent continued

violations.

21. The United States lacks an adequate legal remedy to prevent additional pyramiding and will suffer irreparable harm as a result.

22. The harm suffered by the United States as a result of continuing pyramiding outweighs the harm suffered by Zone Five Design LLC of being forced to comply with the law by timely paying its employment tax obligations.

23. An injunction in this case would serve the public good.  As the efficacy of the federal income tax relies on employers to collect and remit income and FICA taxes paid by its employees, Zone Five Design LLC' pyramiding undermines the most vital cog in our system of tax collection.  Additionally, by using the tax money for their own business and operating expenses, Zone Five Design LLC exacts an involuntary subsidy on the taxpayers of the United States.  An injunction would bring an end to this inefficient waste of taxpayer resources.

24. In the absence of an injunction backed by the Court's contempt powers, Zone Five Design LLC and Jane Timm are likely to continue to obstruct and interfere with the enforcement of the internal revenue laws by pyramiding Zone Five Design LLC' employment taxes to the detriment of the United States.

WHEREFORE, plaintiff, the United States of America, respectfully prays for the following:

    A.  That the Court find that Zone Five Design LLC and Jane Timm have engaged and are engaging in conduct interfering with the enforcement of the internal revenue laws, and that injunctive relief under I.R.C. § 7402(a) and the Court's inherent equity powers is appropriate to stop that conduct;

    B.  That this Court, pursuant to I.R.C. § 7402, enter a permanent injunction prohibiting Zone Five Design LLC and Jane Timm, and their representatives, agents, servants, employees, and anyone in active concert or participation with them, from failing to withhold and pay over to the IRS all employment taxes, including federal income, FICA, and FUTA taxes, required by law;

    C.  That this Court, pursuant to I.R.C. § 7402, enter a permanent injunction requiring Zone Five Design LLC and Jane Timm, for a period of five years, to deposit withheld FICA taxes, as well as Zone Five Design LLC' share of FICA taxes, in an appropriate federal depository bank in accordance with the federal deposit regulations;

    D.  That this Court, pursuant to I.R.C. § 7402, enter a permanent injunction requiring Zone Five Design LLC and Jane Timm to deposit FUTA taxes in an appropriate federal depository bank each quarter in accordance with the federal deposit regulations;

    E.  That this Court, pursuant to I.R.C. § 7402, enter a permanent injunction requiring those individuals at Zone Five Design LLC responsible for carrying out the duties established under paragraphs (C) and (D) to sign and deliver affidavits to the revenue officer, or such other location as the IRS may deem appropriate, on the 1st day of each month, stating that the requisite withheld income, FICA, and unemployment tax

deposits were timely made;

F. That this Court, pursuant to I.R.C. § 7402, enter a permanent injunction requiring Zone Five Design LLC and Jane Timm to timely file all employment tax returns with the IRS, or at such other location as the IRS may deem appropriate.

G. That this Court, pursuant to I.R.C. § 7402, enter a permanent injunction requiring Zone Five Design LLC and Jane Timm to timely pay all required outstanding liabilities due on each return required to be filed herein;

H. That this Court, pursuant to I.R.C. § 7402, enter a permanent injunction requiring Zone Five Design LLC and Jane Timm to be prohibited from assigning any property or making any disbursements after the date of this injunction until amounts required to be withheld from wages after the date of this injunction are, in fact, paid to the IRS.

I. That this Court, pursuant to I.R.C. § 7402, enter a permanent injunction requiring Zone Five Design LLC and Jane Timm to notify the IRS of its future employment tax conduct with respect to any new or presently unknown company, including the imposition of an affirmative duty upon the principal officer, Jane Timm, to notify the revenue officer in the future of any new company she may come to own, manage, or work for.

J. That this Court, pursuant to I.R.C. § 7402, enter a permanent injunction requiring Jane Timm to file all unfiled federal income tax returns with the IRS within 60 days.

K.  That this Court require Zone Five Design LLC and Jane Timm, to deliver to all of its current employees, and any former employees employed at any time since January 1, 2005, a copy of the Court's findings and permanent injunction;

L.  That the Court retain jurisdiction over this case to ensure compliance with this injunction; and

M.  That this Court grant the United States such other relief, including costs, as is just and equitable.

Dated: September 17, 2010

NICHOLAS A. KLINEFELDT
United States Attorney

s/Michael R. Pahl
MICHAEL R. PAHL
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 7238
Washington, D.C.  20044
Tel.:  (202) 514-6488
Fax:  (202) 514-6770
michael.r.pahl@usdoj.gov